UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIKOU YAYA DIALLO,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden,<br><br>Respondent. | Case No.:  26-cv-2167-RSH-BLM<br><br>**ORDER DENYING MOTION TO ENFORCE**<br><br>[ECF Nos. 8, 9] |

On April 6, 2026, petitioner Saikou Yaya Diallo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner alleged that his detention without a bond hearing pending removal proceedings had become unduly prolonged. *Id.* at 2, 4. Respondents filed a return stating that they did not oppose a bond hearing. ECF No. 4 at 1. On April 16, 2026, the Court granted the Petition and directed the government to arrange a bond hearing within seven days at which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk. ECF No. 6 at 1.

On April 23, 2026, Petitioner timely received a bond hearing before an immigration judge, at which the immigration judge denied bond based on risk of flight. *See* ECF No. 9-2 (order of immigration judge).

Thereafter, on May 26, 2026, Petitioner filed a motion to enforce the Court's order directing a bond hearing. ECF No. 9. Respondents have opposed. ECF No. 11.

Petitioner's motion argues in conclusory terms that the immigration judge did not correctly apply the burden of proof. ECF No. 9 at 1, 3. Petitioner states that he has no criminal record and no prior immigration violations, and contends that he has a U.S. citizen sponsor available. *Id.* at 2. He also states that he was given insufficient time to prepare for his bond hearing, *id.*, although the immigration judge's order indicates that "[t]he Court trailed this case to the final date authorized by the Order for [Petitioner] to notify his alleged lawyer and alleged sponsor to provide some evidence, yet the Respondent provided nothing." ECF No. 9-2 at 2. Petitioner's motion also states that an immigration judge "must consider alternatives to detention and petitioner's financial circumstance and that challenge is properly directed to the Board of Immigration [] Appeals." ECF No. 9 at 1. Petitioner further states that he has exhausted administrative remedies in that he has appealed his denial of bond to the BIA, which appeal is pending. *Id.*

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is

excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *Id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

Although Petitioner's motion argues in general terms that the immigration judge misapplied the burden of proof in contravention of this Court's order, his claims appear to be routine claims of error that are properly reviewed in Petitioner's pending appeal to the BIA, the administrative tribunal established to review such claims and possessing expertise in such review. The Court declines to act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process, designed to allow the agency to correct its own errors. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, determines that the prudential exhaustion requirement applies here, and declines to waive that requirement.

//

//

3

For the foregoing reasons, the motion to enforce [ECF No. 9] is **DENIED**. The Court also **DENIES** Plaintiff's motion for appointment of counsel [ECF No. 8], as Petitioner has not shown "exceptional circumstances" warranting such an appointment here. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**IT IS SO ORDERED**.

Dated: June 25, 2026

_____
Hon. Robert S. Huie
United States District Judge